# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| JACOB IRA VIJANDRE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | 5:25-cv-136 |

**ORDER**

The Magistrate Judge issued a Report and Recommendation and in it recommends that the Court grant in part and deny in part Respondent's Motion to Dismiss and dismiss Counts I through V of Petitioner Jacob Vijandre's ("Vijandre") Amended Petition. Dkt. No. 39. Respondent and Vijandre filed Objections to the Report and Recommendation. Dkt. Nos. 40, 41. After conducting an independent and de novo review of the entire record, the Court **OVERRULES** Vijandre's Objections and **OVERRULES** Respondent's Objections.

## I. The Magistrate Judge's Findings in His Report and Recommendation

The Magistrate Judge concludes that Vijandre's Amended Petition is not a shotgun pleading. Dkt. No. 39 at 6-7. The Magistrate Judge recommends that the Court reject this argument as a basis for dismissal.

The Magistrate Judge concludes that Vijandre does not have standing to assert his First Amendment claims—Counts I through V—because Vijandre fails to show that the relief sought will redress his injuries. Id. at 7-12. Specifically, the Magistrate Judge concludes that the immigration judge denied Vijandre bond based on an alternative finding that he is a danger to the community and a flight risk and Vijandre did not challenge the alternative finding in his Petition.

However, the Magistrate Judge concludes that the Court does have jurisdiction to review Vijandre's Fifth Amendment claims, which are Counts VI and VII in Vijandre's Amended Complaint. Id. at 12-15. The Magistrate Judge also concludes that Vijandre was not required to exhaust administrative remedies because the immigration judge and the Board of Immigration Appeals ("BIA") cannot provide relief on constitutional claims. Id. at 15-18. Therefore, if the Court adopts the Magistrate Judge's recommendations, Counts VI and VII will remain pending.

**II. Vijandre's Objections**

In his Objections, Vijandre contends that the Magistrate Judge erred legally and factually by finding that this Court cannot redress Vijandre's First Amendment claims due to the immigration judge's alternative finding. Dkt. No. 40 at 1. Vijandre states that he does, in fact, challenge the alternative finding for detention in his Amended Petition and in response to the Motion to

Dismiss. Id. at 2. Vijandre argues that the immigration judge's rationales for declining to conduct a bond hearing and for her alternative finding are based on the same protected speech at issue here. Id. at 3. In addition, Vijandre states the immigration judge did not actually conduct a bond hearing, only a Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999) hearing, the purpose of which is to determine whether a detainee is even eligible for a bond hearing. Id. Thus, the "alternative finding" has no legal weight because this finding was not the result of a legally valid hearing. Id. Vijandre also argues that Count IV of his Amended Petition should survive, even if the Court overrules his other Objections, because he challenges 8 U.S.C. § 1182(a)(3)(B)(i)(VII) on Fifth and First Amendment grounds. Id. at 5.

Contrary to Vijandre's assertion that he challenges the immigration judge's alternative basis for detention in his Amended Petition and in response to the Motion to Dismiss, he does not. Dkt. No. 39 at 11 (stating that "[t]he Court has thoroughly reviewed the relevant filings to determine whether Vijandre challenges the immigration judge's alternative finding for his detention . . ., and he does not."; and citing Dkt. No. 21 at 28-40, Dkt. No. 30)). Indeed, after a thorough and independent review of the record, I reach the same conclusion as the Magistrate Judge. Vijandre simply does not challenge the alternative finding in his

Amended Petition.[1] I overrule this portion of Vijandre's Objections.

Vijandre's argument that Count IV should survive because he challenges 8 U.S.C. § 1182(a)(3)(B)(i)(VII) on both Fifth and First Amendment grounds is also unconvincing. Even though Vijandre raises two alternative constitutional challenges in Count IV, he does not challenge the immigration judge's alternative finding in that Count. As a result, even if Vijandre prevailed on Count IV, he would not be entitled to habeas relief because he would still be detained based on the alternative finding. Thus, Count IV should also be dismissed for lack of standing. I overrule this portion of Vijandre's Objections, as well.

**III. Respondent's Objections**

In his Objections, Respondent states that Vijandre's Amended Petition is a shotgun pleading and, because Vijandre has not moved to amend, dismissal is appropriate. Dkt. No. 41 at 4. Respondent also argues that the Court should reject the Magistrate Judge's conclusion that 8 U.S.C. § 1252(g) does not bar this Court's jurisdiction. Id. at 4-10.

Respondent's Objections are without merit. The Magistrate Judge determines that, although Vijandre adopted the allegations contained in the preceding Counts of his Amended Petition, this

---

[1] Notably, Vijandre has not sought to amend to add any challenges to the alternative finding.

does not warrant dismissal because Vijandre also included additional allegations under each Count, giving Respondent "adequate notice" of the claims against him. Dkt. No. 39 at 6-7 (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015)). In addition, it is clear that Vijandre is not challenging any decision to commence, adjudicate, or execute a removal order, as the Magistrate Judge states, rendering Respondent's § 1252(g) jurisdictional arguments meritless. Dkt. No. 39 at 12-15. I overrule Respondent's Objections.

**CONCLUSION**

Thus, after an independent and de novo review of the entire record, the Court **OVERRULES** Vijandre's Objections and **OVERRULES** Respondent's Objections. I **CONCUR WITH** and **ADOPT** the Magistrate Judge's Report and Recommendation as the opinion of the Court. As a result, I **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss and **DISMISS** Counts I through V of Vijandre's Amended Petition. Dkt. Nos. 21, 28. I **DIRECT** Respondent to address Counts VI and VII of Vijandre's Amended Petition within fourteen (14) days of this Order.

**SO ORDERED**, this 28 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA